AO 472 (Rev. 05/05) Order of Detention Pending Trial

# UNITED STATES DISTRICT COURT
## Eastern District of Michigan

UNITED STATES OF AMERICA
v.
TYRONE COMBS
*Defendant*

**ORDER OF DETENTION PENDING TRIAL**

Case Number: 05-81156-2

In accordance with the Bail Reform Act, 18 U.S.C. § 3142(f), a detention hearing has been held. I conclude that the following facts require the detention of the defendant pending trial in this case.

## Part I—Findings of Fact

- ☐ (1) The defendant is charged with an offense described in 18 U.S.C. § 3142(f)(1) and has been convicted of a ☐ federal offense ☐ state or local offense that would have been a federal offense if a circumstance giving rise to federal jurisdiction had existed - that is
    - ☐ a crime of violence as defined in 18 U.S.C. § 3156(a)(4).
    - ☐ an offense for which the maximum sentence is life imprisonment or death.
    - ☐ an offense for which a maximum term of imprisonment of ten years or more is prescribed in _____.*
    - ☐ a felony that was committed after the defendant had been convicted of two or more prior federal offenses described in 18 U.S.C. § 3142(f)(1)(A)-(C), or comparable state or local offenses.
- ☐ (2) The offense described in finding (1) was committed while the defendant was on release pending trial for a federal, state or local offense.
- ☐ (3) A period of not more than five years has elapsed since the ☐ date of conviction ☐ release of the defendant from imprisonment for the offense described in finding (1).
- ☐ (4) Findings Nos. (1), (2) and (3) establish a rebuttable presumption that no condition or combination of conditions will reasonably assure the safety of (an) other person(s) and the community. I further find that the defendant has not rebutted this presumption.

### Alternative Findings (A)

- ☐ (1) There is probable cause to believe that the defendant has committed an offense
    - ☐ for which a maximum term of imprisonment of ten years or more is prescribed in _____.
    - ☐ under 18 U.S.C. § 924(c).
- ☐ (2) The defendant has not rebutted the presumption established by finding 1 that no condition or combination of conditions will reasonably assure the appearance of the defendant as required and the safety of the community.

### Alternative Findings (B)

- ☑ (1) There is a serious risk that the defendant will not appear.
- ☐ (2) There is a serious risk that the defendant will endanger the safety of another person or the community.

## Part II—Written Statement of Reasons for Detention

I find that the credible testimony and information submitted at the hearing establishes by ☑ clear and convincing evidence ☐ a preponderance of the evidence that

see attached

## Part III—Directions Regarding Detention

The defendant is committed to the custody of the Attorney General or his designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal. The defendant shall be afforded a reasonable opportunity for private consultation with defense counsel. On order of a court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility shall deliver the defendant to the United States marshal for the purpose of an appearance in connection with a court proceeding.

| May 19, 2011 | s/ Mona K. Majzoub |
|---|---|
| Date | Signature of Judge |
| | MONA K. MAJZOUB - UNITED STATES MAGISTRATE JUDGE |
| | Name and Title of Judge |

*Insert as applicable: (a) Controlled Substances Act (21 U.S.C. § 801 *et seq.*); (b) Controlled Substances Import and Export Act (21 U.S.C. § 951 *et seq.*); or (c) Section 1 of Act of Sept. 15, 1980 (21 U.S.C. § 955a).

05-81156-2 USA V TYRONE COMBS                                          PAGE 2

Defendant is currently serving a state sentence with a 20 year maximum in the Michigan Department of Corrections for Felony Dangerous Drugs and Felony Police Officer Resisting and Obstructing. When arrested in April, 2010 he resisted arrest, attempted to elude and flee from the police officers, but was subsequently apprehended. He appeared in federal court on the instant federal indictment which charges conspiracy to make False Statements to a Federal Firearms License Authority on a writ from the Saginaw Correctional Facility. Specifically the instant 2005 Indictment alleges that beginning in June 2005 Defendant was involved in a scheme to buy weapons in Georgia and sell them in Detroit and Canada.

Defendant states that he was in jail on a DUI in another county when he was indicted. Defendant admits that he resided in Toronto Canada from 2005 (the year the indictment issued) through 2010. Specifically from 2005 to 2010 he moved to Toronto Canada where he lived with his now soon to be ex-wife and their two children. In March 2006 agents went to his parents' home in Pontiac, Michigan looking for him. Defendant's mother told the agents at that time that she didn't know where her son was and that he wasn't living with her, and she hadn't had contact with him for quite a while. The agents told defendant's mother that an indictment had been issued against her son and that he should be told to contact the authorities. Defendant's mother denies any memory of this conversation.

Defendant asks for a bond, and states that his first eligible parole date was April 2011. He argues that if given a bond, it would serve to help secure his release on parole in his state case. Defendant asks that he be allowed to live in his parents' home in Pontiac, Michigan, and states that if released he will have a job waiting for him at Academy of America in Southfield, Michigan, doing janitorial work. This offer of employment was confirmed by contacting Aaron Allen who apparently manages this enterprise in the states of Michigan and Georgia (where defendant is alleged to have conspired to sell his illegally purchased weapons which are the subject of the instant indictment).

Defendant is 32 years old, either divorcing or divorced, with two children in Canada, ages 2 and 5, to whom he owes $20,000 in outstanding child support by his own admission. His parents live in Pontiac Michigan. His contacts with the criminal justice system have been regular and continuing since 1996, and involve felony weapons, violence, and drugs. He has a history of failing to appear twice for court appearances. Defendant also admits to using alias names and in fact told the arresting officers in this case that his name was "Shane St. John".

The government argues that Defendant is a risk of flight. Defendant argues otherwise, stating that he knows that if he fails to appear that he will never see the light of day. The pretrial services report concludes that defendant is both a danger and a risk of flight. Pretrial services also argues that defendant is a danger to the community based upon the instant charges, involving illegal weapons, and his prior felony drug conviction.

This court finds by a preponderance of the evidence that defendant is a flight risk. He attempted to flee from police when arrested, used an alias when questioned in the instant case, and he has

**05-81156-2 USA V TYRONE COMBS**                                              PAGE 3

not lived in this district since 2010, except for a two month period preceding his most recent arrest. He has two children in Canada, and lived there for a five year period before returning to this district. Defendant has failed to appear for court proceedings on two known occasions.

Defendant is also deemed to be a danger to the community by clear and convincing evidence. His criminal record is continuing and unabated, reciting a long history of involvement with drugs and weapons, and he is currently incarcerated.

Finally, this Court concludes that the issue of bond is moot. Under all scenarios, Defendant will be returned to state custody, and any bond, with or without conditions, will have no effect.

Defendant seeks to be paroled, and argues that if given a bond in his federal case the state parole board may look upon him more favorably. This court is unpersuaded by the circuitous logic of defendant's argument and is mindful of its duty to analyze this case on its own merits.

Because Defendant is deemed to be a flight risk and a danger, there is no condition or combination of conditions that would assure his appearance in court or the safety of the community. Therefore Detention is ordered.